IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD E. ALONZO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-6128 |
| | : | |
| KEVIN COOK, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                 **MAY 14, 2020**

Plaintiff Ronald E. Alonzo, a convicted prisoner currently incarcerated at SCI Phoenix, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Named as Defendants are several Pennsylvania Department of Corrections employees at the now closed SCI Graterford. Alonzo's claims arise from a burn injury he suffered while working in the SCI Graterford kitchen. For the following reasons, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**I.   FACTUAL ALLEGATIONS[2]**

Alonzo's allegations are straightforward. On October 24, 2017, while working in the SCI Graterford kitchen he suffered a burn injury to the elbow area of his left arm allegedly caused by a faulty steam kettle that he was cleaning. (ECF No. 2 at 8-9.)[3] Specifically, he asserts his injury was caused by a "faulty piece of state property." (*Id.* at 9.) He asserts claims under the Eighth Amendment and the Due Process Clause and seeks money damages in the amount of

---

[1] In an Order filed on February 18, 2020, the Court granted Alonzo leave to proceed *in forma pauperis* but deferred the screening of his Complaint under § 1915. (*See* ECF No. 8.)

[2] The allegations set forth in this Memorandum are taken from Alonzo's Complaint.

[3] The Court adopts the pagination assigned to the Complaint with the EC/ECF docketing system.

$150,000. (*Id.*) Named as Defendants are Culinary Sergeant Kevin Cook, Culinary Sergeant Sherman Cook, Culinary Lieutenant Richard Baldasano, Culinary Lieutenant Brian Kline, Fire and Safety Manager Chris Steffino, a John Doe food instructor, Warden Cynthia Link, Grievance Assistant Dorina Varner, Grievance Assistant Keri Moore, and an unknown food service instructor. (*Id.* at 4-7.)

Alonzo alleges in conclusory fashion that each Defendant was aware from personal experience that the steam valve on the piece of equipment was faulty, that the pressure in the kettle was too high, and the equipment was not repaired until he suffered his injury. (*Id.* at 8.) He provides no other facts describing how each Defendant was involved in the incident that caused his injury. He alleges that he filed a grievance about his injury that resulted in a finding that the equipment was faulty, but he was denied monetary compensation in the grievance process. (*Id.* at 11-12.)

Finally, Alonzo states that he has filed a civil suit in the Montgomery County Court of Common Pleas based on the same facts alleged in this action. (*Id.* at 13.) A search of public records confirms that Alonzo filed an action in Montgomery County on January 23, 2020 against each of the named Defendants in this case. *See Alonzo v. Cook*, No. 2020-1303 (C.C.P. Montgomery). Alonzo was granted leave to proceed *in forma pauperis* in that case.

## II.   STANDARD OF REVIEW

Because Alonzo was unable to pay the filing fee in this matter, the Court granted him leave to proceed *in forma pauperis*.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions

---

[4] Because Alonzo is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the filing fee in full in installments.

to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Alonzo is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A. The Eighth Amendment Claim

Alonzo asserts an Eighth Amendment claim against Defendants Culinary Sergeant Kevin Cook, Culinary Sergeant Sherman Cook, Culinary Lieutenant Richard Baldasano, Culinary Lieutenant Brian Kline, Fire and Safety Manager Chris Steffino, and a John Doe food instructor based upon the accident that caused his burn injury. A prison official violates the Eighth Amendment when: (1) the prisoner suffers an objectively, sufficiently serious deprivation; and (2) the prison official acts with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Fortune v. Hamberger*, 379 F. App'x 116, 122 (3d Cir. 2010) (stating, "an inmate [is required] to show that 'he is incarcerated under conditions posing a substantial risk of serious harm,' and that prison officials demonstrated a 'deliberate indifference' to his health or safety"). Under the first element, a "prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834. To establish deliberate indifference under the second element, the prison official must: (1) know of and disregard an excessive risk to inmate health or safety; (2)

be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists; and (3) draw the inference. *Id.* at 837.

Courts have held, however, that negligence is not the same as wanton or deliberate indifference and will not support a § 1983 claim. *Id.* at 835; *see also Daniels v. Williams*, 474 U.S. 327, 330-36 (1986) (holding that mere negligence in and of itself does not, however, violate one's constitutional rights). Alonzo's allegations that he was injured due to faulty equipment and that the equipment was fixed after his injury does not state a plausible Eighth Amendment deliberate indifference claim. Rather, Alonzo alleges only a claim for negligence under state law which is not actionable under § 1983. Accordingly, the Eighth Amendment claim is dismissed pursuant to § 1915(e)(2)(B).[5]

### B. The Due Process Claim

Courts have held that negligence alone also does not rise to the level of a deprivation of due process. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.") (citation omitted); *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 202 (1989) ("[T]he Due Process Clause of the Fourteenth Amendment [] does not transform every tort committed by a state actor into a constitutional violation"). Accordingly, Alonzo's due process claim is also not plausible and will be dismissed under § 1915(e)(2)(B).

### C. Claims Based on Grievances

---

[5] The claim is also defective because Alonzo fails to allege how any of the named Defendants was involved in the incident that caused him injury. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, No. 19-1684 (3d Cir. Apr. 27, 2020, slip op. at 13 (holding that attaching documents to grievance form is insufficient under *Rode* to show personal direction or actual knowledge by recipient of underlying facts)).

Alonzo has named as Defendants Warden Cynthia Link, Grievance Assistant Dorina Varner, and Grievance Assistant Keri Moore.  Although it is unclear whether Alonzo seeks to bring a claim based upon the handling of his grievance by these Defendants, this claim too would be implausible.  Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam).  Accordingly, the facts alleged by Alonzo about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

### D.     State Law Claims

Because the federal law claims have been dismissed, the Court will not exercise supplemental jurisdiction over Alonzo's state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  It is the plaintiff's burden to establish diversity of citizenship.  *Quaker State Dyeing & Finishing Co., Inc., v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate

complete diversity between the parties and that the amount in controversy requirement has been met).

Alonzo has not met his burden to establish the state citizenship of each Defendant. It appears from the face of the Complaint that they are all located in Pennsylvania and, therefore, complete diversity is lacking. Accordingly, the state law claims will be dismissed without prejudice for want of jurisdiction and with leave to raise them in an appropriate state court, which it appears Alonzo has already done.

## IV.   CONCLUSION

For the reasons stated, Alonzo's federal law claims will be dismissed with prejudice and his state law claims will be dismissed without prejudice pursuant to § 1915(e)(2)(B).[6] An appropriate Order follows.

**BY THE COURT:**

**/s/CHAD F. KENNEY**

**CHAD F. KENNEY, J.**

---

[6] The United States Court of Appeals for the Third Circuit has held that district courts should dismiss complaints under the § 1915(e)(2)(B) with leave to amend "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002); *see also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). Because the Eighth Amendment and Due Process claims assert only negligence, and the grievance allegation cannot support a constitutional claim, amendment would be futile.